**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANGEL JENKINS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

ALLBIRDS, INC.,

Defendant.

Docket No.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

----------------------------------------------------------

Plaintiff ANGEL JENKINS ("Plaintiff" or "Ms. Jenkins"), individually and on behalf of all others similarly situated, (collectively, "Plaintiffs"), by and through her attorneys, Robert Schonfeld, Esq. of JOSEPH & NORINSBERG, LLC, brings this action against ALLBIRDS, INC., ("ALLBIRDS" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, arising from Defendant's failure to ensure that its e-commerce Website, www.allbirds.com is accessible to blind and visually impaired individuals.

## INTRODUCTION

1. This is a civil rights action brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law §§ 40 et seq. ("NYCRL"), the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq. ("NYCHRL"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., against Defendant Allbirds, Inc. ("Allbirds" or "Defendant") for its failure to design, construct, maintain, and operate its website, https://www.allbirds.com (the "Website"), to be fully accessible to and independently usable by Plaintiff and other blind and visually impaired persons who use screen-reading software.

2. Allbirds, Inc. is a publicly traded footwear and apparel company incorporated in the State of Delaware and headquartered at 30 Hotaling Place, San Francisco, California 94111. The company operates a direct-to-consumer e-commerce website at https://www.allbirds.com through which it sells shoes, apparel, and accessories to consumers throughout the United States, including in the State of New York.

3. Defendant is a "place of public accommodation" as defined by the ADA because it owns and operates a commercial website that offers goods and services to the general public. Defendant's Website is a sales establishment and service establishment within the meaning of 42 U.S.C. § 12181(7).

4. Defendant's Website presents numerous accessibility barriers that deny blind and visually impaired users full and equal access to the goods, services, and information available to sighted users. As documented in the SortSite accessibility validation report dated March 20, 2026, the Website contains 16 distinct Level A WCAG 2.1 violations across 668 pages, 4 Level AA issues across 662 pages, and 6 Level AAA issues across 662 pages.

5. These barriers include, but are not limited to: (a) animated images over 5 seconds that cannot be paused or stopped, affecting 9 pages; (b) button elements containing only an img element that lack an accessible alt attribute, affecting 3 pages; (c) blank document titles, affecting 15 pages; (d) elements with role="list" that contain or own elements with improper roles, affecting 14 pages; (e) empty headings that prevent screen readers from navigating to page sections, affecting 19 pages; (f) HTML form controls with no accessible name, affecting 3 pages; (g) links with no accessible name that prevent screen readers from voicing link destinations, affecting 9 pages; (h) ambiguous link text where several links share the same text but navigate to different destinations, affecting 44 pages; (i) interactive

button elements nested inside anchor elements that are not voiced correctly by screen readers, affecting 665 pages; (j) this button element is empty and has no accessible name, affecting 140 pages; (k) main elements improperly nested as descendants of article elements, affecting 5 pages; (l) form controls with no accessible name, affecting 140 pages; and (m) insufficient text-to-background color contrast, affecting 665 pages.

6. The SortSite broken link report further reveals 8 distinct issues across 668 pages, including broken HTTP links returning 503 Server Unavailable and 400 Bad Request errors across key pages, further degrading the user experience for all visitors, including those relying on assistive technology.

7. The SortSite site quality report confirms that 671 pages have overall quality issues (23% worse than average), 668 pages have broken links or other errors (23% worse than average), 668 pages have accessibility problems (23% worse than average), and 664 pages have W3C standards issues (23% worse than average), out of 2,963 total pages and files checked. Exhibit A.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under Title III of the ADA, 42 U.S.C. §§ 12181 et seq., and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

9. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in

this District. Plaintiff resides in this District, accessed the Website from this District, and suffered injury in this District.

11. Defendant is subject to personal jurisdiction in this District because it transacts business in New York, maintains a commercial website accessible to and targeted at residents of New York, ships products to customers in New York. Courts within this Circuit have consistently held that such purposeful, repeated online commercial activity constitutes sufficient minimum contacts for personal jurisdiction. *See Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. ___ (2021); *South Dakota v. Wayfair, Inc.*, 585 U.S. ___ (2018); *Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Sanchez v. NutCo, Inc.*, 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022)., Defendant has derived substantial revenue from consumers in the State of New York.

## **PARTIES**

12. Plaintiff ANGEL JENKINS is a legally blind individual residing at 228 West 124th Street, Apt. #23, New York, New York 10027, within the Southern District of New York.

13. As documented in a Report of Legal Blindness (OCFS-4599) completed on April 12, 2025, by Dr. Robert Friedman, M.D., an Ophthalmologist at Mount Sinai Morningside, located at 1001 Park Avenue, New York, New York 10028, Ms. Jenkins has been diagnosed with Retinitis Pigmentosa, a progressive retinal degenerative disease that causes the gradual loss of peripheral vision and night vision, ultimately resulting in severe central visual impairment. .Exhibit B

14. Ms. Jenkins is registered with the New York State Commission for the Blind and Visually Handicapped ("CBVH") under Registration No. A.19038.

15. As a direct consequence of her visual disability, Plaintiff is unable to perceive, interpret, or interact with visual content on websites and digital platforms without the assistance of screen-reading technology.

16. Plaintiff uses NVDA (NonVisual Desktop Access), a widely recognized free, open-source screen reader for the Microsoft Windows operating system, as her primary assistive technology to access websites and digital content. NVDA converts on-screen text, images (when properly labeled with alternative text), links, buttons, form fields, and other interactive elements into synthesized speech and refreshable Braille output, enabling blind and visually impaired users to navigate and interact with websites.

17. For NVDA to function effectively, websites must comply with the Web Content Accessibility Guidelines ("WCAG") 2.1, Level AA, as published by the World Wide Web Consortium ("W3C"), which is the technical standard referenced by the United States Department of Justice for compliance with ADA Title III. Compliance requires, among other things, that all images contain descriptive alternative text, all form controls be properly labeled, all interactive elements be keyboard-operable and have accessible names, sufficient color contrast exist between text and background, headings be used to structure content, and ARIA roles and properties be implemented correctly.

## STATEMENT OF FACTS

18. Plaintiff ANGEL JENKINS is an active online consumer who regularly uses her NVDA screen reader to browse, research, compare, and purchase products from e-commerce websites. Ms. Jenkins has a genuine, bona fide interest in purchasing comfortable,

sustainable footwear from Allbirds' Website, which she learned about through recommendations from friends and family members who praised both the comfort and environmental ethos of the brand.

19. On January 5, 2026, Ms. Jenkins first visited the Allbirds Website at https://www.allbirds.com using her NVDA screen reader with the intent to browse and purchase specific products. She navigated to the Men's Dasher NZ product page (https://www.allbirds.com/products/mens-dasher-nz), seeking to purchase a pair in size 9½ as a gift. On this page, NVDA failed to convey critical product information because interactive button elements nested inside anchor elements were not voiced correctly, preventing Ms. Jenkins from understanding or activating size-selection controls. The empty button elements on the page had no accessible name, so NVDA announced only "button" without describing the action or size option. Additionally, insufficient text-to-background color contrast rendered supplemental product details imperceptible to users relying on the limited residual vision that Plaintiff retains. Ms. Jenkins was unable to select the desired size 9½, could not add the product to her shopping cart, and was forced to abandon the transaction.

20. On January 6, 2026, Ms. Jenkins returned to the Allbirds Website to attempt purchasing the Women's Tree Glider sneakers (https://www.allbirds.com/products/womens-tree-gliders) , a lightweight, breathable sneaker she desired for everyday use. Once again, NVDA encountered the same systemic barriers: interactive buttons nested inside anchor elements were not voiced correctly by the screen reader, empty button elements lacked accessible names, and form controls for size selection had no accessible labels. When Ms. Jenkins attempted to navigate the product page using NVDA's heading navigation

(pressing the "H" key to jump between headings), multiple empty headings caused NVDA to announce "blank" repeatedly, disorienting her and preventing her from locating the size selector, color options, and "Add to Cart" functionality. The link text was ambiguous, with several links sharing the same text "Shop Men | Shop Women" but navigating to different destinations, further confounding her screen reader's output. Ms. Jenkins was again unable to complete her purchase.

21. On February 10, 2026, Ms. Jenkins made a third attempt to shop on the Allbirds Website, this time navigating to the Women's Tree Breezer product page (https://www.allbirds.com/products/womens-tree-breezers), a washable ballet flat priced at $105 that she wanted for commuting. The same accessibility barriers persisted: NVDA could not identify or voice the button controls because they were empty and nested inside anchor elements, the size-selection form controls lacked accessible names, and the document title was blank, preventing NVDA from announcing the page identity when the page loaded. Additionally, elements with role="list" contained child elements with improper roles, causing NVDA to misread the page structure. Ms. Jenkins attempted to use NVDA's forms mode to locate and complete the size dropdown and add-to-cart button, but the form controls were unlabeled, and the interactive elements were not keyboard-operable in the expected manner. She was unable to purchase the Tree Breezers.

22. On February 12, 2026, Ms. Jenkins returned to the Website one final time, attempting once more to purchase the Men's Dasher NZ in size 9½ and the Women's Tree Glider. On both product pages, the identical accessibility barriers remained unremediated: (a) the 665 pages of interactive button elements nested inside anchor elements continued to not be voiced correctly by NVDA; (b) 140 pages of empty button elements still had no accessible names;

(c) 140 pages of form controls remained without accessible names; (d) 665 pages still had insufficient text-to-background color contrast; (e) 19 pages contained empty headings; and (f) 44 pages continued to contain ambiguous link text. Ms. Jenkins was unable to independently select sizes, read product specifications, or complete any purchase. She ultimately abandoned her shopping session in frustration.

23. Ms. Jenkins intends to return to the Allbirds Website to purchase the Men's Dasher NZ in size 9½, the Women's Tree Glider, and the Women's Tree Breezer once the accessibility barriers documented herein are remediated. Her interest in these products is genuine and continuing: the Men's Dasher NZ is a lightweight everyday sneaker priced at $140 that she intends to purchase as a gift; the Women's Tree Glider is a breathable sneaker priced at $140 that she desires for daily wear; and the Women's Tree Breezer is a washable flat priced at $105 that she seeks for commuting. Ms. Jenkins has no adequate alternative means to purchase these specific products, as they are sold primarily through Allbirds' direct-to-consumer Website. Her visits to the Website were genuine and purposeful, motivated by her desire to purchase these specific products on the specific product pages she visited on January 5, January 6, February 10, and February 12, 2026. On each occasion, she attempted to read product descriptions, review specifications, select sizes, and add items to her cart but was prevented from doing so by concrete, page-level accessibility barriers affecting interactive buttons, form controls, headings, link text, color contrast, and page titles. Her inability to complete these transactions does not diminish her interest in the Website; it reinforces her motivation to return once those specific barriers are removed so that she can buy the exact products she originally sought.

24. Plaintiff has suffered, and continues to suffer, a concrete and particularized injury-in-fact caused by Defendant's failure to make its Website accessible. This injury is (a) traceable to Defendant's conduct, and (b) redressable by a favorable decision of this Court ordering Defendant to bring its Website into compliance with the ADA and WCAG 2.1 Level AA standards.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and a class of all other similarly situated persons pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2).

26. The proposed class is defined as: All legally blind individuals in the United States who have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's Website, https://www.allbirds.com, due to Defendant's failure to design, construct, maintain, and operate the Website to be fully accessible to and independently usable by blind and visually impaired persons who use screen-reading software, during the applicable statute of limitations period.

27. The proposed New York sub-class is defined as: All legally blind individuals in the State of New York who have been denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's Website due to accessibility barriers, during the applicable statute of limitations period.

28. Numerosity (Fed. R. Civ. P. 23(a)(1)): The proposed class and sub-class are so numerous that joinder of all members is impracticable. According to the National Federation of the Blind, approximately 7.6 million Americans are visually impaired, and approximately 1.3 million are legally blind. A significant portion of these individuals use screen-reading software and have been or will be denied equal access to Defendant's Website.

29. Commonality (Fed. R. Civ. P. 23(a)(2)): Common questions of law and fact exist as to all members of the class, including: (a) whether Defendant's Website is a "place of public accommodation" under the ADA; (b) whether Defendant's Website denies blind and visually impaired individuals full and equal access to its goods and services; (c) whether Defendant has failed to take steps to make its Website accessible in violation of the ADA, NYSHRL, NYCRL, and NYCHRL; and (d) whether Defendant's conduct constitutes discrimination under applicable federal, state, and city laws.

30. Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the proposed class. Like all class members, Plaintiff is a legally blind individual who has been denied full and equal access to Defendant's Website due to accessibility barriers that affect all blind users uniformly.

31. Adequacy (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff has retained counsel experienced in ADA accessibility litigation and has no interests antagonistic to those of the class.

32. Injunctive Relief Class (Fed. R. Civ. P. 23(b)(2)): Defendant has acted on grounds generally applicable to the class, making appropriate final injunctive relief and corresponding declaratory relief appropriate with respect to the class as a whole. The accessibility barriers on Defendant's Website affect all blind and visually impaired users identically.

## FIRST CAUSE OF ACTION
**Violation of Title III of the Americans with Disabilities Act**
**(42 U.S.C. §§ 12181 et seq.)**

33. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

35. Defendant's Website is a "place of public accommodation" within the meaning of 42 U.S.C. § 12181(7)(E)-(F), as it constitutes a sales establishment and/or a service establishment.

36. Defendant has discriminated against Plaintiff by failing to design, construct, maintain, and operate its Website to be fully accessible to and independently usable by Plaintiff and other blind and visually impaired individuals, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

37. The accessibility barriers documented in the SortSite reports constitute a failure to provide auxiliary aids and services necessary to ensure effective communication with individuals with disabilities, as required by 42 U.S.C. § 12182(b)(2)(A)(iii).

38. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

39. Plaintiff is entitled to injunctive relief requiring Defendant to bring its Website into compliance with the ADA by making it fully accessible in conformance with WCAG 2.1 Level AA.

40. Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

**<u>SECOND CAUSE OF ACTION</u>**
**Violation of the New York State Human Rights Law**
**(N.Y. Exec. Law §§ 290 et seq.)**

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42. The NYSHRL provides that "[n]o person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation ... shall directly or indirectly refuse, withhold from or deny to any person ... any of the accommodations, advantages, facilities or privileges thereof." N.Y. Exec. Law § 296(2)(a).

43. Defendant's Website constitutes a place of public accommodation within the meaning of the NYSHRL.

44. Defendant has violated the NYSHRL by failing to make its Website accessible to Plaintiff and other blind and visually impaired individuals, thereby denying them full and equal enjoyment of the goods, services, and accommodations available through the Website.

45. Plaintiff is entitled to compensatory damages, injunctive relief, and reasonable attorneys' fees and costs under the NYSHRL.

**<u>THIRD CAUSE OF ACTION</u>**
**Violation of the New York State Civil Rights Law**
**(N.Y. Civ. Rights Law §§ 40 et seq.)**

46. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47. The NYCRL provides that “[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement.” N.Y. Civ. Rights Law § 40.

48. Defendant has violated the NYCRL by denying Plaintiff and other blind and visually impaired persons full and equal access to the accommodations, advantages, facilities, and privileges of its Website.

49. Plaintiff is entitled to compensatory damages of not less than $500 per violation, as provided by N.Y. Civ. Rights Law § 40-d, as well as injunctive relief and reasonable attorneys’ fees.

**FOURTH CAUSE OF ACTION**
**Violation of the New York City Human Rights Law**
**(N.Y.C. Admin. Code §§ 8-101 et seq.)**

50. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 49 as though fully set forth herein.

51. The NYCHRL provides broader protections than its state and federal counterparts. It prohibits discrimination in places of public accommodation and is to be construed liberally to accomplish its remedial purposes.

52. Defendant has violated the NYCHRL by failing to ensure that its Website is accessible to and usable by blind and visually impaired individuals, thereby denying Plaintiff and other similarly situated individuals the full and equal enjoyment of goods, services, and accommodations.

53. Plaintiff is entitled to compensatory damages, civil penalties, injunctive relief, and reasonable attorneys’ fees and costs under the NYCHRL.

## FIFTH CAUSE OF ACTION
**Declaratory Relief**
**(28 U.S.C. §§ 2201 et seq.)**

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55. An actual controversy exists between Plaintiff and Defendant concerning Defendant's obligations under the ADA, NYSHRL, NYCRL, and NYCHRL to make its Website accessible to blind and visually impaired individuals.

56. Plaintiff is entitled to a declaratory judgment that Defendant's Website violates the ADA, NYSHRL, NYCRL, and NYCHRL due to its inaccessibility to blind and visually impaired individuals who rely on screen-reading technology.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and grant the following relief:

a. Certify this action as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2), appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

b. Issue a permanent injunction requiring Defendant to design, construct, maintain, and operate its Website in full compliance with WCAG 2.1 Level AA, the ADA, and all applicable accessibility standards, including but not limited to: (i) adding accessible names and alt text to all images, buttons, and form controls; (ii) ensuring all interactive elements are keyboard-operable and properly voiced by screen readers; (iii) providing sufficient color contrast between text and background; (iv) using descriptive, non-ambiguous link text; (v) properly

structuring headings and ARIA roles; and (vi) retaining an independent accessibility consultant to conduct periodic audits;

c. Award Plaintiff and the class compensatory damages, including statutory damages of not less than $500 per violation under the NYCRL;

d. Award Plaintiff and the class punitive damages as permitted by law;

e. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and applicable state and city law;

f. Issue a declaratory judgment that Defendant's Website violates the ADA, NYSHRL, NYCRL, and NYCHRL;

g. Award pre-judgment and post-judgment interest; and

h. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
March 23, 2026

Respectfully submitted
JOSEPH & NORINSBERG LLC
By:*/s/ Robert L. Schonfeld*
ROBERT L. SCHONFELD, ESQ.
825 Third Ave.
New York, New York 10022
(212) 222-5700
rschonfeld@employeejustice.com